FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 10 2012 ★
BROOKLYN OFFICE
DOCKET & FILE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

NELLA MANKO,

                    Plaintiff,

-against-

LEON RUCHELSMAN, individually and in his official capacity as Justice of the N.Y.S. Supreme Court of Kings County; KAGAN, individually and in his official capacity as Law Clerk of Part 16 of the Supreme Court of Kings County; LESLIE TORRES, individually and in her official capacity as Deputy Commissioner of the N.Y.S. Division of Housing and Community Renewal Office of Rent Administration; JERRY M. SCHER, individually and in his official capacity as Rent Administrator of the N.Y.S. Division of Housing and Community Renewal Office of Rent Administration; MARY ELIZABETH LACERENZA, Esq., individually and in her official capacity as Attorney of the N.Y.S. Division of Housing and Community Renewal Office of Rent Administration; SUSAN E. KEARNS, Esq., individually and in her official capacity as Attorney of the N.Y.S. Division of Housing and Community Renewal Office of Rent Administration; NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL OFFICE OF RENT ADMINISTRATION; SHOREFRONT APARTMENT CO., in its individual and professional capacities; SHOREFRONT APARTMENTS, LLC, in its individual and professional capacities; ALAN POLEN, in his individual and professional capacities; ROBERT POLEN, in his individual and professional capacities HOWARD M. FILE, P.C., in his individual and professional capacities; SYLVIA O. HINDS-RADIX, individually and in her official capacity as Administrative Judge of the Supreme Court of Kings County; KINGS COUNTY SUPREME COURT OF

**MEMORANDUM
AND ORDER**

12-CV-4100 (KAM)(LB)

1

THE STATE OF NEW YORK; SUPREME COURT
OF THE STATE OF NEW YORK, KINGS COUNTY;
CHIEF CLERK NANCY T. SUNSHINE, individually
and in her official capacity as County Clerk of the
Kings County Clerk's Office; KINGS COUNTY CLERK'S
OFFICE; WILLIAM F. MASTRO, Presiding Justice,
Appellate Division of the N.Y.S. Supreme Court
(Second Department); APPELLATE DIVISION OF THE
N.Y.S. SUPREME COURT (SECOND DEPARTMENT);
A. GAIL PRUDENTI, Former Presiding Justice,
Appellate Division of the N.Y.S. Supreme Court
(Second Department); CHIEF JUDGE JONATHAN
LIPPMAN; NEW YORK COURT OF APPEALS;
JOHN DOE 1, individually and in official capacity;
JOHN DOE 2, individually and in official capacity;
JOHN DOE 3, individually and in official capacity;
JOHN DOE 4, individually and in official capacity;
JOHN DOE 5, individually and in official capacity;
STATE OF NEW YORK,

        Defendants.
------------------------------------------------------------X

**MATSUMOTO, United States District Judge:**

    On August 13, 2012, *pro se* plaintiff Nella Manko filed this action pursuant to 42 U.S.C. §§ 1983 and 1985, alleging that defendants violated and conspired to violate her constitutional rights during her 2008 and 2010 state court housing actions, Kings County Supreme Court Index Numbers 26610/2008 and 21055/2010. Plaintiff also alleges various pendent state law claims. Plaintiff seeks damages in the amount of $12 million. (*See* ECF No. 1, Complaint ("Compl.") at 37-38.) Plaintiff's request to proceed *in forma pauperis* is granted solely for the purpose of this Memorandum and Order, but the action is hereby dismissed under 28 U.S.C. § 1915(e)(2)(B).

### 1. Litigation History

    Plaintiff has filed five prior actions in this court, all of which challenge decisions

made in state court actions and allege constitutional violations by judges, attorneys, court officers, court reporters, and the courts involved in those state court actions. *See Manko v. Finkelstein*, No. 11-CV-5054 (KAM) (E.D.N.Y. filed Oct. 14, 2011, dismissed Feb. 7, 2012); *Manko v. Steinhardt*, No. 11-CV-5103 (KAM) (E.D.N.Y. filed Oct. 17, 2011, dismissed Jan. 27, 2012); *Manko v. Steinhardt*, No. 11-CV-5430 (KAM) (E.D.N.Y. filed Oct. 31, 2011, dismissed Jan. 27, 2012); *Manko v. Steinhardt*, No. 12-CV-1472 (KAM) (E.D.N.Y. filed March 21, 2012, dismissed April 20, 2012); *Manko v. Steinhardt*, No. 12-CV-2964 (KAM) (E.D.N.Y. filed June 12, 2012, dismissed June 20, 2012).

Although each of the five actions plaintiff previously filed in this court names slightly different parties, each seeks to challenge the proceedings and outcomes of state court actions and alleges that the defendants violated her constitutional rights during the course of the proceedings. In every instance, plaintiff's case has been dismissed on the bases of the *Rooker-Feldman*,[1] res judicata, or judicial and sovereign immunity doctrines.

By Order dated February 7, 2012, under docket number 11-CV-5054, the court requested that the plaintiff "abstain from filing further duplicative or frivolous litigation in this court." *Manko v. Finkelstein*, 2012 WL 407092, at *1 (E.D.N.Y. Feb. 7, 2012). In addition, under docket number 12-CV-1472, the court "notifie[d] plaintiff that similar future filings will subject her to a filing injunction." *Manko v. Steinhardt*, 12-CV-1472 (KAM), Order dated April 17, 2012, at 3, 6–7 (setting forth plaintiff's litigation history and giving notice that similar future

---

[1] Under the *Rooker-Feldman* doctrine, cases "brought by [a] state-court loser[ ] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments" are barred in federal courts, which lack subject-matter jurisdiction over such actions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

filings will likely subject her to a filing injunction). Then, in its Order dated May 15, 2012, denying plaintiff's motion for reconsideration in *Manko v. Steinhardt*, No. 11-CV-5103 (KAM), the court reiterated its warning but did not yet enjoin plaintiff because she "filed this motion to reconsider on the same day that the court entered the Memorandum and Order in the subsequent action, *Manko v. Steinhardt*, 12-CV-1472." *Manko v. Steinhardt*, 2012 WL 1744836, at *2 (E.D.N.Y. May 15, 2012).

Finally, by Order dated June 20, 2012, the court dismissed plaintiff's fifth duplicative action and ordered plaintiff to show cause within thirty days why she should not be barred from filing any new actions under the *in forma pauperis* statute without first obtaining the court's permission to do so. *Manko v. Steinhardt*, No. 12-CV-2964, slip op. at 7-8 (E.D.N.Y. June 20, 2012). On July 20, 2012, plaintiff requested an extension of time until August 20, 2012, to respond to the order to show cause. Although the court granted plaintiff's request, plaintiff's response failed to address the court's order to show cause. On August 30, 2012, the court entered an Order barring plaintiff from filing any new actions under the *in forma pauperis* statute without first obtaining the court's permission. Plaintiff filed this action on August 13, 2012, without seeking or obtaining prior court permission.

**2. Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A court must construe a *pro se* litigant's pleadings liberally, however, *see Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010), especially when those

pleadings allege civil rights violations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

### 3. Deficiencies in the Complaint

Plaintiff is advised that, as currently stated, the complaint is barred by the doctrines of *Rooker-Feldman* and judicial, quasi-judicial and sovereign immunity. In *Hoblock v. Albany Cnty. Bd. of Elections*, the Second Circuit set forth four factors to determine whether the Rooker–Feldman doctrine applies: (1) plaintiff lost in state court; (2) plaintiff complains of the injury caused by the state court order; (3) plaintiff wants this court to review and reject the state court's determinations, and (4) the state court determinations in question were rendered before this action was commenced. 422 F.3d 77, 85 (2d Cir. 2005). Each of the *Hoblock* requirements are met in the instant case which, in essence, asks for relief from a state court order against the plaintiff. Therefore, because the district court lacks subject-matter jurisdiction over this action, the court dismisses the complaint pursuant to Federal Rule of Civil Procedure 12(h)(3). *See id.* at 86.

In addition, each of the named state court employee defendants are protected from suit by absolute immunity. Because the claims against the judges are based solely on judicial acts performed in their judicial capacity, such claims against the judicial defendants are barred by the doctrine of judicial immunity. *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Moreover, a clerk of court, like defendant Sunshine named herein, and law clerks, like defendant Kagan, are absolutely immune from claims arising from their failure to properly manage the court calendar. *See Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (finding that the court's "inherent power to control its docket is part of its function of resolving disputes between parties" and is therefore

5

"a function for which judges and their supporting staff are afforded absolute immunity"); *Oliva v. Heller*, 839 F.2d 37, 39-40 (2d Cir. 1988).

Plaintiff has also named as defendants a host of private parties, including her apartment building and its operators. These private parties are not subject to suit under 42 U.S.C. § 1983. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838-42 (1982) (affirming dismissal of § 1983 claim because defendants not state actors); *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978) (stating § 1983 reaches only deprivations of rights by persons acting under color of law); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 173 (1972) (distinguishing private conduct from state action).

Finally, plaintiff has named as defendants the State of New York, the New York State Division of Housing and Community Renewal Office of Rent Administration ("HCR"), and several New York state courts. All of these parties are absolutely immune from suit. The Eleventh Amendment bars § 1983 claims against states, absent their consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984); *Gollomp v. Spitzer*, 568 F. 3d 355, 366 (2d Cir. 2009) (the New York State Unified Court System is an arm of the State, and therefore protected by Eleventh Amendment immunity); *Morris v. Katz*, No. 11–CV–3556, 2011 WL 3918965, at *5 (E.D.N.Y. Sept. 4, 2011) (HCR is immune from suit under the Eleventh Amendment); *Mullin v. P & R Educ. Servs., Inc.*, 942 F. Supp. 110, 112-13 (E.D.N.Y. 1996) (holding that § 1983 claims against former DMV Commissioners are barred by the Eleventh Amendment).

Finally, the court finds that the filing of this action is frivolous and malicious. 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

For the reasons set forth above, the complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B). The court's Order enjoining plaintiff from filing any new *in forma pauperis* action without first obtaining permission from the court remains in effect. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully requested to serve a copy of this Memorandum and Order on plaintiff and note service on the docket.

SO ORDERED.

/S/

Kiyo A. Matsumoto
United States District Judge

Dated: Brooklyn, New York
September 10, 2012